**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| LISA M. BALLARD-COLLINS,<br>Appellant,<br><br>v.<br><br>DEPARTMENT OF THE ARMY,<br>Agency. | DOCKET NUMBER<br>SF-0752-13-0617-X-1<br><br><br>DATE: October 19, 2022 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Maria S. Lillis, Honolulu, Hawaii, for the appellant.

Rachael Orejana, Fort Shafter, Hawaii, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      This compliance proceeding was initiated by the appellant's May 31, 2016 petition for enforcement of the Board's March 24, 2016 Final Order. *Ballard-Collins v. Department of the Army*, MSPB Docket No. SF-0752-13-0617-C-1, Compliance File (CF), Tab 1; *Ballard-Collins v. Department of the Army*,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

MSPB Docket No. SF-0752-13-0617-I-1, Final Order (Mar. 24, 2016). On November 21, 2016, the administrative judge issued a compliance initial decision finding the agency not in compliance with the March 24, 2016 Final Order, and the agency's noncompliance was referred to the Board for consideration. CF, Tab 13, Compliance Initial Decision (CID). For the reasons discussed below, we now find the agency in compliance and DISMISS the petition for enforcement.

¶2        In the November 21, 2016 compliance initial decision, the administrative judge found that the agency was not in compliance because it failed to demonstrate that it: (1) cancelled the appellant's removal; and (2) paid the appellant all back pay, interest, and benefits for the back pay period. CID at 6-8. As a result, the administrative judge ordered the agency to provide evidence that it: (1) canceled the appellant's removal; and (2) paid the appellant all back pay, interest, and benefits for the back pay period, with a narrative explanation of how it arrived at its calculations, along with an accounting of any deductions and any other adjustments. CID at 8.

¶3        On December 21, 2016, the agency submitted evidence of its attempt to reach full compliance with the Board's March 24, 2016 Final Order. *Ballard-Collins v. Department of the Army*, MSPB Docket No. SF-0752-13-0617-X-1, Compliance Referral File (CRF), Tab 2. On January 23, 2017, because some of the documentation submitted on December 21, 2016, was not fully readable, the agency resubmitted its documentation. CRF, Tabs 5- 6. On the same day, the appellant submitted her response to the agency's December 21, 2016 pleading, alleging that the agency was not yet in full compliance. CRF, Tab 7. While the agency's submission showed that the appellant's removal was canceled and that her leave had been restored, it did not demonstrate full compliance, as it failed to provide sufficient detail as to several areas of its back pay award, including its back pay and interest calculations, deductions made for a prior annual leave payout, allotments, and any performance award owed to the appellant. CRF,

Tab 8.   Accordingly, on February 27, 2017, the Board ordered the agency to submit additional evidence providing these details.  *Id.*

¶4      On March 29, 2017, the agency submitted its response to the Board's February 27, 2017 Order, including exhibits that provided further details of the appellant's back pay award and narrative statements describing the multiple components of the back pay award.  CRF, Tabs 9-10.  On April 25, 2017, the appellant submitted her response to the agency's submission, in which she claimed that the agency still had not demonstrated full compliance.  CRF, Tab 11.  However, the appellant did not provide any details as to why she believed the agency's submissions did not establish compliance.  *Id.*

¶5      A careful review of the agency's latest submission shows that, despite the appellant's general objection, the agency has now reached full compliance.  Viewed together with the agency's narrative statements, the submitted back pay spreadsheets, summary sheets, and master pay history documents provide full detail of the appellant's back pay award and further verify the agency's claims concerning its withholdings for the annual leave payout, social security, and union dues.[2]  CRF, Tabs 9-10.  Moreover, the agency's submission includes the required interest calculations and explains the basis for the performance award included in the back pay award.  CRF, Tab 9 at 6, 14-16.  Therefore, based on the agency's submission, and because the appellant has not provided any explanation as to why the agency's submissions may be incorrect, we find that the agency is now in full compliance with the Board's March 24, 2016 Final Order.

¶6      Finally, regarding the appellant's April 25, 2017 request for sanctions, we deny the request.  The Board's sanction authority is limited to the sanctions necessary to obtain compliance with a Board order.  *Mercado v. Office of*

---

[2] There appears to be a slight discrepancy of $0.88 between the agency's narrative description of the annual leave payout, and what its actual master pay history shows was paid.  CRF, Tab 9 at 5, Tab 10 at 4.  Because the master pay history is the document intended to demonstrate compliance, we find that this discrepancy does not otherwise void the agency's attempt to reach compliance.

*Personnel Management*, 115 M.S.P.R. 65, ¶ 8 (2010) (stating that the Board's ability to award sanctions is a means to enforce compliance, and once compliance has been demonstrated, it would be inappropriate to impose sanctions).  Here, because the agency complied with the March 24, 2016 Final Order, we are without authority to impose sanctions in this matter.

¶7        Accordingly, the Board finds that the agency is in compliance and dismisses the petition for enforcement.  This is the final decision of the Merit Systems Protection Board in this compliance proceeding.  Title 5 of the Code of Federal Regulations, section 1201.183(b) (5 C.F.R. § 1201.183(b)).

### NOTICE TO THE APPELLANT REGARDING
### YOUR RIGHT TO REQUEST
### ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your attorney fees motion with the office that issued the initial decision on your appeal.

### NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most

_____

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of <u>the date of issuance</u> of this decision.  <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
_____
                                         Jennifer Everling
                                         Acting Clerk of the Board
Washington, D.C.